**February 18, 1993**

479

CLERK OF COURT
SUPREME COURT. CNMI
FILED

93 FEB 18 A 10 : 01

BY: _____

# IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS, )
                          )
       Plaintiff/Appellee, )
                          )
       vs. )
                          )
RAMON S. GUERRERO, )
                          )
       Defendant/Appellant.)
_____)

APPEAL NO. 93-006
CRIMINAL CASE NO. 93-12

**ORDER OF DISMISSAL**

Argued and submitted February 17th, 1993

Counsel for Defendant/Appellant:    Jerry Messenborg
                                       Assistant Attorney General
                                       2d Administration Building
                                       Capitol Hill
                                       Saipan, MP 96950

Counsel for Plaintiff/Appellee:    Dennis O'Shea
                                       P.O. Box 5603 CHRB
                                       Saipan, MP 96950

On February 11, 1993, the Superior Court ruled that the Office of the CNMI Attorney General (the "Attorney General") was disqualified from representing defendant Ramon S. Guerrero ("defendant") in this criminal matter. Defendant subsequently brought a motion for a stay of the proceedings pursuant to Rule 8(a), Com.R.App.P., which the trial court denied. Defendant then filed this emergency criminal interlocutory appeal in this Court

480

pursuant to Rule 27(g), Com.R.App.P., and sought a stay of the proceedings below pending the appeal on the disqualification issue.

The threshold issue on this appeal is whether we have the jurisdiction at this juncture in the proceedings to entertain an appeal concerning the trial court's disqualification of the Attorney General. Pursuant to 1 CMC Section 3102(a), we have "appellate jurisdiction over judgments and orders of the Superior Court." 1 CMC Section 3102(a).

In CNMI v. Hacinto, No. 90-033, 1 N.Mar.I. 179 (N.M.I. Oct. 15, 1990), we held that 1 CMC Section 3102(a) "grant[s] this Court appellate jurisdiction over Superior Court judgments and orders which are **final**." Hacinto, 1 N.Mar.I. at 182 (emphasis in original). Therefore, we have jurisdiction to hear this appeal only if the trial court's disqualification of the Attorney General is a "final" judgment or order. We hold that it is not.

The U.S. Supreme Court has held that a trial court's pretrial disqualification of defense counsel in a criminal case is not final for the purposes of an immediate appeal, and therefore an appellate court has no jurisdiction to review the disqualification prior to entry of final judgment. Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); see also, United States v. Greger, 657 F.2d 1109 (9th Cir. 1981).

As the U.S. Supreme Court recognized in Flanagan, a counsel's disqualification is subject to the "final judgment rule," which prevents piecemeal litigation by allowing interlocutory appeals in only limited circumstances. Those limited circumstances comprise

481

the collateral order exception to the final judgment rule. See Flanagan, 104 S.Ct. at 1054-55.

In Hacinto, we stated the collateral order exception to the final judgment rule allows appeal only from an order which (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. Hacinto, 1 N.Mar.I. at 181 n. 6; see also, Flanagan, 104 S.Ct. at 1055.

The Attorney General's disqualification cannot meet the third prong of the narrow collateral order exception to the final judgment rule. The Attorney General's disqualification is not "effectively unreviewable" on an appeal which may later be brought after entry of final judgment in this matter. True, the Attorney General's disqualification means that defendant will not have the benefit of the Attorney General's counsel during the proceedings. However, the issue may be reviewed after final judgment, and, should this Court determine at that time that the trial court erred in disqualifying the Attorney General, then defendant may be granted a new trial -- with the Attorney General as his counsel.

As the U.S. Supreme Court has held:

> Nothing about a disqualification order distinguishes it from the run of pretrial judicial decisions that affect the rights of criminal defendants yet must await completion of trial court proceedings for review. Such an order fails to satisfy the stringent conditions for qualification as an immediately appealable collateral order, and the overriding policies against interlocutory review in criminal cases apply in full. The exceptions to the final judgment rule in criminal cases are rare. An order disqualifying counsel is not one.

482

<u>Flanagan</u>, 104 S.Ct. at 1057.

We hold that the trial court's decision on the disqualification issue is not a final judgment, order or decision for the purposes of an interlocutory appeal, and does not meet the narrow collateral order exception to the final judgment rule which would allow this appeal. Defendant may appeal disqualification of the Attorney General after the trial court has entered final judgment in this matter. We do not have jurisdiction to entertain this appeal at this time. Accordingly, this appeal is DISMISSED and defendant's motion for a stay of proceedings is DENIED.

Dated this 18th day of February, 1993.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice